CLARK, IN RE. See Cases Nos. 2,842–2,844.
CLARK (ABBE v.).  See Case No. 5.

====

## Case No. 2,813.

### CLARK v. BAILEY.

[Nowhere reported; opinion not now accessible.]

====

## Case No. 2,814.

### CLARK et al. v. BAILEY.

### WORK et al. v. BAILEY.

[12 Blatchf. 156;[1] 19 Int. Rev. Rec. 207.]

Circuit Court, S. D. New York.  June 16, 1874.[2]

INTERNAL REVENUE—TAX ON BANK CAPITAL—"DEPOSITS OF MONEY SUBJECT TO CHECK OR DRAFT."

1. Whether the mere business of buying, carrying and selling stocks for others, on the deposit of money or property as a "margin" for their security, would come within the definition in the 79th section of the act of June 30, 1864 (13 Stat. 251), as originally enacted, and as amended by the 9th section of the act of July 13, 1866 (14 Stat. 115), describing "bankers," quere.

2. Section 110 of the said act of June 30, 1864 (13 Stat. 277) as amended by the 9th section of the said act of July 13, 1866 (14 Stat. 136), declaring that there shall be levied, collected and paid "a tax of one twenty-fourth of one per centum, each month, * * * upon the capital of any bank, association, company or corporation, and on the capital employed by any person in the business of banking, beyond the average amount invested in United States bonds," does not authorize or justify the levy or collection of a tax of one twenty-fourth of one per centum upon money borrowed, in the ordinary course of business, by a copartnership firm engaged in the business of banking.

3. A tax of one twenty-fourth of one per centum each month, upon the average amount of the deposits of money subject to payment by check or draft, is leviable and collectable, under said section 110, even though interest at an agreed rate is allowed and paid on such deposits.

4. But, securities or money left as a pledge, for indemnity, to save the pledgee from loss on purchasing or selling stocks for his customer, are not "deposits of money subject to payment by check or draft."

[See note at end of case.]

[At law. Separate actions by Luther C. Clark and others, comprising the firm of Clark, Dodge & Co., and by Frank Work and others, against Joshua F. Bailey, collector of internal revenue, to recover back taxes imposed and collected.]

John E. Burrill, for plaintiff.
George Bliss, Dist. Atty., for defendant.

WOODRUFF, Circuit Judge. 1. I am of opinion, that, at the respective times when the taxes were imposed and collected, for recovering back which the plaintiffs in the first above named action bring their suit, they were bankers doing business as such, within the definition given in the acts of congress of June 30, 1864, and July 13, 1866 (13 Stat. 251, § 79; 14 Stat. 115, subd. 1). Besides their business of purchasing stocks, advancing money therefor, and, in the language of those engaged in such business, "carrying them on a margin," they had "a place of business where credits were opened by the deposit of money * * subject to be paid upon draft, check, or order."

Whether the mere business of buying, carrying, and selling stocks for others, on the deposit of money or property as a "margin" for their security, would come within the definition in the statute describing "bankers," and, therefore, whether the plaintiffs in the second above suit are or are not bankers, the conclusion I have formed on the point next to be stated renders it unnecessary to determine. They did no other business.

2. I am of opinion that the terms of section 110 of the act of June 30, 1864, as amended by the 9th section of the act of July 13, 1866 (13 Stat. 277; 14 Stat. 136), declaring that there shall be levied, collected, and paid "a tax of one twenty-fourth of one per centum, each month, * * upon the capital of any bank, association, company, or corporation, and on the capital employed by any person in the business of banking, beyond the average amount invested in United States bonds," do not authorize nor justify the levy or collection of a tax of one twenty-fourth of one per centum upon money borrowed, in the ordinary course of business, by a copartnership firm engaged in the business of banking.

The term "capital," in the statute, has its ordinary signification, as universally used in trade, commerce, manufacturing, and other specific business. It is that stock in trade which, irrespective of particular transactions or dealings, constitutes the basis of credit, or the fund belonging to the person, invested in the business. It is money or property appropriated to the purposes of the business of a person or firm, analogous to the capital in a corporation, derived or derivable from the contribution of stockholders, and denominated "capital stock."

Under the act of June 30, 1864, there was some uncertainty in the application of the terms used, when applied to a mere individual or firm. By the 110th section of that act (13 Stat. 277) the tax was directed to be levied each month "upon the average amount of the capital of any bank, association, company, or corporation, or person, engaged in the business of banking, beyond the amount invested in United States bonds." When a person was found engaged in the business of banking, it was not clear that, as he answered the description in the statute, the tax was not to be levied on all of his capital, however invested or employed. The same individual

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[2] [Affirmed in Bailey v. Clark, 21 Wall. (88 U. S.) 284.]